723 N.E.2d 206 (1999)
243 Ill.Dec. 174
In re Matter of Matthew F. HALE, Petitioner.
No. 16075.
Supreme Court of Illinois.
November 17, 1999.
Justice Heiple dissents from the order of the Court of November 12, 1999, denying the petition of Matthew F. hale, pursuant to Supreme Court Rule 708(d), requesting a full review by the Illinois supreme Court of the findings and conclusions of the Character and Fitness Committee dated June 30, 1999, and a request for oral argument.
Justice HEIPLE, dissenting:
Petitioner Matthew F. Hale applied for admission to practice law in Illinois. The Committee on Character and Fitness concluded that his application should be denied. Petitioner now asks this court to review the Committee's decision. Thus, the question before the court at this juncture is not whether petitioner should be licensed to practice law. The question, rather, is whether the Supreme Court should consider his appeal. Because the petition raises questions of constitutional significance that should be resolved openly by this court, I dissent from the majority's refusal to hear this case.
The crux of the Committee's decision to deny petitioner's application to practice law is petitioner's open advocacy of racially obnoxious beliefs. The Hearing Panel found that petitioner's "publicly displayed views are diametrically opposed to the letter and spirit" of the Rules of Professional Conduct. The Inquiry Panel found that, in regulating the conduct of attorneys, certain "fundamental truths" of equality and nondiscrimination "must be preferred over the values found in the First Amendment." Petitioner contends that the Committee's use of his expressed views to justify the denial of his admission to the bar violates his constitutional rights to free speech. That constitutional question deserves explicit, reasoned resolution by this court. Instead, the court silently accepts the conclusion of the Committee, which asserted that "[t]his case is not about Mr. Hale's First Amendment rights." To the contrary, this case clearly impacts both the first amendment to the federal Constitution and article I, section 4, of the Illinois Constitution.
In addition, the Committee's ruling on petitioner's application presents a second important issue which this court should address. The Committee seems to hold that it may deny petitioner's application for admission to the bar without finding that petitioner has engaged in any specific conduct that would have violated a disciplinary rule if petitioner were already a lawyer. The Committee merely speculates that petitioner is "on a collision course with the Rules of Professional Conduct" and that, if admitted, he will in the future "find himself before the Attorney Registration and Disciplinary Commission." I believe this court should address whether it is appropriate for the Committee to base its assessment of an applicant's character and fitness on speculative predictions of future actionable misconduct.
The question also arises: If all of petitioner's statements identified by the Committee had been made after obtaining a license to practice law, would he then be subject to disbarment? That is to say, is there one standard for admission to practice and a different standard for continuing to practice? And, if the standard is the same, can already-licensed lawyers be disbarred for obnoxious speech?
The Illinois Supreme Court is the licensing authority for all Illinois lawyers. Its rules cover all aspects of admission to the bar and professional conduct thereafter. It has the power to license, regulate, and to disbar. The issues presented by Mr. Hale's petition are of such significant constitutional magnitude that they deserve a *207 judicial review and determination by this court.
For the reasons given, I respectfully dissent from the denial of the petition for review.